UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA PEREZ DOWLING, | |
| Plaintiff, | 26-CV-4198 (LTS) |
| -against- | |
| JUDGE LATOSHA LEWIS PAYNE, FEDERAL BUREAU OF INVESTIGATIONS, | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against the Defendants and seeks leave to proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff leave to proceed IFP and dismisses the complaint without prejudice for the following reasons.

Plaintiff previously filed a complaint against Defendant Judge Latosha Lewis Payne on May 8, 2026. *See Perez Dowling v. Lewis Payne*, No. 1:26-CV-3888 (LTS) (S.D.N.Y.) ("*Lewis Payne I*"). On May 12, 2026, the Court transferred *Lewis Payne I* to the United States District Court for the Southern District of Texas[1] and closed *Lewis Payne I* in the Southern District of New York. This action, filed May 19, 2026, is nearly identical; it alleges the same facts, raises the same claims, and seeks the same relief as *Lewis Payne I*. The only difference between this action and *Lewis Payne I* is Plaintiff's adding Defendant Federal Bureau of Investigations ("FBI") to the caption of the complaint; the allegations otherwise fail to mention the FBI at all and focus solely on Judge Payne

Venue for Plaintiff's claims are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

---

[1] *Perez Dowling v. Lewis Payne*, No. 4:26-cv-04319 (S.D. Tex.).

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Further, it is not in the interest of justice to transfer a case where Plaintiff has disregarded the proper forum for the action. *See, e.g.*, *Morel v. Aids Ctr. of Queens Cnty., Inc.*, No. 23-CV-6018 (DLC), 2023 WL 8452402, at *2 (S.D.N.Y. Dec. 6, 2023) ("If 'allowing a transfer' would 'reward [a] plaintiff[ ] for [its] lack of diligence in choosing a proper forum,' transfer is 'not in the interest of justice.'" (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992))).

Here, as in *Lewis Payne I*, Plaintiff alleges no facts demonstrating that venue in this District is proper for her claims under Section 1391(b). She does not allege that any defendant resides in this District, that any events or omissions giving rise to any claim occurred in this

District, that there is no other district in which this action may be brought, or that any Defendant is subject to personal jurisdiction in this District with respect to this action. Plaintiff's vague and conclusory allegations against Defendants are insufficient to satisfy the requirements of Section 1391(b)(2). *See, e.g.*, *P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2025 WL 104522, at *6 (S.D.N.Y. Jan. 15, 2025) ("[G]eneral and conclusory allegations cannot support a finding of venue under 28 U.S.C. § 1391(b)."); *Doe #1 v. JetBlue Airways Corp.*, No. 19-CV-1542, 2020 WL 4605216, at *5 (E.D.N.Y. Aug. 11, 2020) (finding conclusory allegations insufficient to support venue in statutory venue context).

The Court therefore dismisses this complaint under 28 U.S.C. § 1406 as wrongly filed in the Southern District of New York, without prejudice to Plaintiff's pending case in the Southern District of Texas.

## CONCLUSION

Plaintiff's complaint is dismissed for improper venue under 28 U.S.C. § 1406 without prejudice to any pending litigation in the Southern District of Texas. This order closes the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    June 16, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

3